UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZANE HUBBARD,<br><br>           Plaintiff,<br><br>      vs.<br><br>M. MARCHAK, et al.,<br><br>           Defendants. | 1:14-cv-00274-LJO-GSA-PC<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS CASE, WITH PREJUDICE, FOR FAILURE TO STATE A CLAIM<br>(Doc. 9.)<br><br>OBJECTIONS, IF ANY, DUE WITHIN THIRTY DAYS |

**I.      BACKGROUND**

Zane Hubbard ("Plaintiff") is a state prisoner proceeding pro se with this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed the Complaint commencing this action on February 28, 2014. (Doc. 1.)

The court screened the Complaint under 28 U.S.C. § 1915A and entered an order on June 23, 2014, dismissing the Complaint for failure to state a claim, with leave to amend. (Doc. 8.) On July 7, 2014, Plaintiff filed the First Amended Complaint, which is now before the court for screening. (Doc. 9.)

**II.     SCREENING REQUIREMENT**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).

1

The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint is required to contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences."  Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Iqbal, 556 U.S. at 678.  While factual allegations are accepted as true, legal conclusions are not.  Id.

To state a viable claim for relief, Plaintiff must set forth sufficient factual allegations to state a plausible claim for relief.  Id. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct falls short of meeting this plausibility standard.  Id.

**III.     SUMMARY OF FIRST AMENDED COMPLAINT**

Plaintiff is presently incarcerated at Corcoran State Prison (CSP) in Corcoran, California, in the custody of the California Department of Corrections and Rehabilitation (CDCR), where the events at issue in the First Amended Complaint allegedly occurred. Plaintiff names as defendants M. Marchak (MD), J. Alford (PhD), Urbano (MD), J. Moon (MD), Correctional Officer (C/O) Matthews, and C/O Madrigal (collectively, "Defendants"). All of the Defendants were employed by the CDCR at CSP at the time of the events at issue. Plaintiff's factual allegations follow.

Plaintiff alleges that he is housed at the prison unlawfully as an enemy combatant under the Detainee Treatment Act. The narrative in Plaintiff's First Amended Complaint is vague and rambling, with multiple legal cites.

Plaintiff alleges that he is being subjected to illegal twenty-four-hour surveillance, has been wrongfully designated a "high risk medical inmate," and has been forced into mental health treatment against his wishes. (First Amd Cmp at 6:16.) Plaintiff alleges that he notified defendants Matthews and Madrigal that he has a chip implanted in his system that he wants removed, and that he is hearing voices. Defendants Matthews and Madrigal handcuffed and shackled Plaintiff, placed a spit mask on his face, and escorted him to the prison hospital. At the hospital, Plaintiff explained to defendant Dr. Marchak about the interrogation against him and threats he was hearing. When asked by Dr. Marchak if he had mental health issues, Plaintiff said "No." (Id. at 4 ¶5.) Plaintiff told Dr. Marchak that officials are "depriving me of life with aversive therapy." (Id.) Plaintiff alleges that "genocidal behavior" is being practiced in the Eastern District. (Id. ¶6.)

Dr. Marchak admitted Plaintiff to the suicide ward against his will. After being forced into a cell, defendants Matthews, Madrigal, Alvord, and other officers, held him down and cut off his clothing with scissors, twisted his arms up, and uncuffed him. Plaintiff alleges he was cleared of all psychological evaluations.

Later, Plaintiff was discharged to the yard and interrogated, threatened, and surveilled twenty-four hours per day. Defendant Dr. Urbano asked Plaintiff if he was still hearing voices, and Plaintiff responded, "Yes," but did not request mental health treatment. (Id. ¶8.) Dr. Urbano still forced him into the Enhanced Outpatient Program. Defendant Dr. Moon forced Plaintiff to take psych medication which was ineffective. Plaintiff suffers from insomnia, shocked nerves, humiliation, ongoing harassment, and post-traumatic stress. Plaintiff asserts that he is intellectually brilliant and is being intentionally abused out of "Hate." (Id. ¶9.)

Plaintiff requests monetary damages and injunctive relief.

///

///

### IV.     PLAINTIFF'S CLAIMS

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  "Section 1983 . . . creates a cause of action for violations of the federal Constitution and laws." Sweaney v. Ada County, Idaho, 119 F.3d 1385, 1391 (9th Cir. 1997) (internal quotations omitted).  "To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress." Id.

Plaintiff brings claims for excessive force, forced mental health treatment, discrimination, violation of due process, and illegal surveillance and interrogation.  However, Plaintiff's factual allegations are not sufficient to state a plausible claim for relief against any of the Defendants under § 1983.  Plaintiff claims he is not a mental health patient, but then makes statements that he hears voices, believes he is subject to twenty-four hour interrogation, and has a chip implanted in his system.  Plaintiff makes conclusory allegations that Defendants have subjected him to "moral turpitude," "aversive therapy," "prejudice," and "deprivation of my life, liberty, and property."  (First Amd Cmp at 2 ¶II.C., 4 ¶¶5,9, 7 ¶30.)  The Court implies from the complaint that Plaintiff was being treated for a mental illness, or out of concern for suicidal tendencies.  Plaintiff is advised that even involuntary medication of Plaintiff, so long as due process is satisfied, does not violate the Eighth Amendment. Washington v. Harper, 494 U.S. 210, 221-22 (1990).  Further, Plaintiff may not challenge Defendants' conduct where only the quality of treatment is subject to dispute. Sanchez v. Vild, 891 F.2d 240 (9th Cir. 1989).  Mere difference of opinion between a prisoner and prison medical staff as to appropriate medical care does not give rise to a section 1983 claim. Hatton v. Arpaio, 217 F.3d 845 (9th Cir. 2000); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).

As for Plaintiff's medical care, Plaintiff has not specifically charged each Defendant with conduct indicating that they knew of and disregarded a serious risk to Plaintiff's health, resulting in injury to Plaintiff. Plaintiff may not hold Defendants liable simply by setting forth conclusory allegations. To state an Eighth Amendment medical claim, Plaintiff must allege facts indicating that each Defendant was aware of a specific harm to Plaintiff, and acted with deliberate indifference to that harm. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); Estelle v. Gamble, 429 U.S. 97, 104, 97 S.Ct. 285 (1976); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992). Plaintiff has failed to do so here.

As to any claim of excessive force, the Court finds the complaint to be similarly vague. The facts alleged imply that Defendants' conduct was in response to some medical or psychiatric need of Plaintiff's. There are no facts alleged indicating that force was applied "maliciously and sadistically for the purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 7 (1992); see also Oliver v. Keller, 289 F.3d 623, 628 (9th Cir. 2002). The complaint should therefore be dismissed.

**V.     CONCLUSION AND RECOMMENDATIONS**

The Court finds that Plaintiff's First Amended Complaint fails to state any cognizable claim upon which relief may be granted under § 1983. The Court previously granted Plaintiff leave to amend the complaint, with ample guidance by the Court. Plaintiff has now filed two complaints without stating any claims upon which relief may be granted under § 1983. The Court finds that the deficiencies outlined above are not capable of being cured by amendment, and therefore further leave to amend should not be granted. 28 U.S.C. § 1915(e)(2)(B)(ii); Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

Accordingly, based on the foregoing, **IT IS HEREBY RECOMMENDED** that:

1.   This action be DISMISSED in its entirety, with prejudice, for failure to state a claim upon which relief may be granted; and

2.   This dismissal count as a STRIKE pursuant to 28 U.S.C. § 1915(g).

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

thirty (30) days after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

   Dated:   **April 27, 2015**                              **/s/ Gary S. Austin**
                                                                       UNITED STATES MAGISTRATE JUDGE